

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFTON RAY OLIVER, | CV 13-00224-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| UNITED STATES MARSHALS SERVICE, et al., | |
| Defendants. | |

The Court has received a letter from Plaintiff Clifton Oliver requesting authorization to have access to the law library or legal materials at the Missoula County Detention Facility. (Doc. 9.) As Oliver was advised in the Notice of Case Opening (Doc. 4), "[a]ll documents submitted to the Court should be in the form of a pleading, notice, motion or brief. Letters to the presiding judge are not authorized by the governing rules and should not be sent." (Doc. 4.) The Court has construed Oliver's letter as a motion for access to the law library. Oliver is advised that all future filings should be submitted in the form of a pleading, notice, motion, or brief with the appropriate case caption on the first page.

Convicted prisoners have a fundamental right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977), but the scope of that right is quite

1

limited. Prisoners need only have "the minimal help necessary" to file legal claims. *Casey,* 518 U.S. 343, 360 (1996). The right of access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Casey,* 518 U.S. at 354-55; *Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir. 1995).

The Court will not interfere with the internal functions of the jail unless or until there has been a judgment finding that a violation of the United States Constitution is being perpetrated by that facility. Jail officials are given deference in day-to-day jail operations due to separation of powers and federalism concerns. *Turner v. Safley,* 482 U.S. 78, 84-85 (1987).

This case is currently in the mandatory prescreening process required by 28 U.S.C. §§ 1915, 1915A. Nothing will take place in this case until the prescreening process has been completed. The Court will then consider Oliver's motion for appointment of counsel. (Doc. 8.) At this point in the litigation, however, Oliver has no constitutional right to access to the law library.

Accordingly, the Court issues the following:

## ORDER

1. Oliver's letter received February 20, 2014 as construed as a Motion for Access to the Missoula County Detention Facility Law Library (Doc. 9) is denied

without prejudice and subject to renewal.

2. At all times during the pendency of this action, Oliver shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 20th day of February, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge